SAPPHIRE BAY CONDOMINIUMS WEST, Plaintiff

v.

REUBEN B. WHEATLEY, Commissioner of Finance, Defendant

Civil No. 1055-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

May 1, 1973

GRUNERT, STOUT, HYMES & MAYER (RICHARD E. GRUNERT of counsel), *for plaintiff*

ATTORNEY GENERAL of the Virgin Islands (JOHN A. ZEBEDEE, Assistant Attorney General, of counsel) *for defendant*

MICHAEL, *Judge*

## MEMORANDUM OPINION

The question before the court is whether the Sapphire Bay Condominiums West, an association of apartment owners as defined by 28 V.I.C. sec. 901(d) which was organized pursuant to the Condominium Act of the Virgin Islands, is liable for the payment of the gross receipts tax of 2% on the amounts received by the Petitioner's association from the apartment owners who, according to the provision of the said Act, are required to be members and assessed by the association for the common expenses as provided in 28 V.I.C. 901(g).

The Petitioner, pursuant to sec. 45(b) of Title 33 of the V.I.C., brought an action for a stay of execution against Reuben B. Wheatley, Commissioner of Finance who, acting by and through his agents, made an arbitrary determination of gross receipts tax allegedly due from the Petitioner for the calendar year 1970 through September 10, 1971, plus penalties and interest in a total amount of $2,267.70, and further prays the court for a determination of the rights of the parties, who filed the following Stipulation of Facts upon which the matter was heard:

### STIPULATION OF FACTS

"It is stipulated and agreed by the parties that the following facts shall be deemed true and shall be admitted for the purpose of this proceeding:

"1. The Petitioner is an association of apartment owners, as defined by 28 V.I.C. sec. 901(d), organized under a Declaration Establishing a Plan for Condominium Ownership of Parcel No. 11-H Estate Smith Bay, Nos. 1, 2, and 3 East End Quarter, St. Thomas, Virgin Islands, recorded December 16, 1969 in Volume 11-H, Page 438, No. 542, in the office of the Recorder of Deeds in St. Thomas, Virgin Islands, pursuant to the Condominium Act of the Virgin Islands, 28 V.I.C. Secs. 901–927.

"2. The document filed herewith marked 'Petitioner's Exhibit A' and entitled Declaration of Sapphire Bay Condominiums West is a

true and correct copy of the aforesaid Declaration under which the Petitioner is organized, including the Bylaws of the association.

"3. The Petitioner is an unincorporated association whose members are the approximately 110 owners of condominium apartments in the Condominium known as Sapphire Bay Condominiums West.

"4. The association is required to be formed and all owners of condominium apartments in said Condominium are required to be members of the association by the terms of the Condominium Act.

"5. The purpose of the association is to administer the common interests in said Condominium of all owners of condominium apartments and not to promote any public purpose or interest.

"6. Under Article V, Section 6, of the Bylaws of the Petitioner Association, the Petitioner can compel payment by its members of assessments for common expenses imposed by its board of directors and in the event of nonpayment may sue to collect the assessment and may impose a lien against the defaulting member's condominium apartment as security for payment.

"7. The board of directors of the Petitioner association has the powers set forth in Article II, Section 2, of the Bylaws of the Petitioner Association.

"8. The Petitioner association has nine paid employees: a manager, a secretarial employee, and seven grounds keepers.

"9. The document filed herewith marked 'Petitioner's Exhibit B' is a true and correct statement of the financial transactions of the Petitioner association for the period from the commencement of its active operations in December 1969 through December 31, 1970.

"10. The document filed herewith marked 'Petitioner's Exhibit C' is a true and correct statement of the financial transactions of the Petitioner association for the period from January 1, 1971 through June 30, 1971.

"11. The document filed herewith marked 'Petitioner's Exhibit D' is a true and correct copy of the income tax return filed by the Petitioner association with the Virgin Islands Department of Finance for the calendar year 1970.

"12. The Petitioner association has not filed the appropriate request to obtain the exemption from income tax claimed under Section 501 of the Internal Revenue Code.

"13. Approximately 17 of the 110 owner-members of the Petitioner association do not rent their condominium apartments

215

to tenants, approximately 73 are members of a rental association, which is a separate organization from the Petitioner association, and the remaining owner-members of the Petitioner association may or may not rent their apartments to tenants but, if they rent, they make their own arrangements for rental on an individual basis. The Petitioner association does not act as a rental agent for any of its members.

"14. The Respondent, acting by and through employees of the Virgin Islands Department of Finance as his agents, has made an arbitrary determination of gross receipts tax allegedly due from the Petitioner for the calendar year 1970 in the amount of $1,751.88 plus penalties and interest and has billed the Petitioner for that amount plus penalties in the amount of $437.94 and interest in the amount of $77.88 through September 10, 1971.

"15. The Respondent, acting by and through employees of the Virgin Islands Department of Finance as his agents, has threatened to file tax liens and to seize the Petitioner's property if the Petitioner fails to comply with the Respondent's demand for payment of the taxes, penalties, and interest allegedly due."

From the Stipulation of Facts it appears that the only question to be determined by the court is whether the Legislature, in providing a plan for the establishment of condominiums ownership under 28 V.I.C. secs. 901–927, considered the governing body; in performing the duties provided for by it in the Condominium Act, as "doing business" under the provisions of 33 V.I.C. 43(a).

The Respondent argues that the Virgin Islands Legislature did not intend to restrict the term "business" to activities engaged solely for profit, but that the term includes "all activities engaged in with the object of gain, benefit or advantage to the taxpayer." In the Stipulation of Facts, paragraph 5, the parties state that "The purpose of the association is to administer the common interests in said Condominium of all owners of condominiums apartments *and not to promote any public purpose or interest.*" (Emphasis supplied.)

Without deciding the matter, the court is inclined to believe that the argument of the Respondent in the first

sentence of the preceding paragraph may have some merit with respect to the meaning of "business" generally under 33 V.I.C. sec. 43(a), but disagrees with both as to *their* interpretation of the purpose of the association under the Condominium Act.

Relying strongly on sec. 501 of the Internal Revenue Code and Rulings of the Internal Revenue Service, the Respondent has based its position in opposition to the Petitioner's request for Stay of Execution on cases referred to in its Exhibit No. 1, which was admitted in evidence, and cites the reasoning of the Internal Revenue Ruling 69-280 contained therein, which it believes is applicable in the matter before the court. In that case "a nonprofit organization formed to provide maintenance of exterior walls and roofs of homes of members who owned houses in a development was held not exempt under sec. 501(c)(4) I.R.C. of 1954 as amended, as a social welfare organization."

The above case has no relevance to the one which is before the court. In the first place, the question before the I.R.S. was one of exemption of income tax; the one herein is one of a gross receipts tax. The greater difference, however, is that the case before the I.R.S. concerned a nonprofit organization formed by the parties, while the case before this court is an association authorized by the Legislature in its enactment of a Condominium Act for the Virgin Islands.

In the case of Commissioner of Internal Revenue v. Lake Forest, Inc., 305 F.2d 814, 817 (4th Cir. 1962), upon which the I.R.S. mentioned above relied, the court in its interpretation of the statute, among other things, states that "Within the Internal Revenue Code provisions setting out exemptions from income tax on corporation, 'Civic' means, according to the Oxford English Dictionary, Vo. II (1933 ed.): 1. Of, pertaining or proper to citizens. 2. Of, or per-

taining to a city, borough, or municipality. 3. Of, or pertaining to citizenship," and claims that "The advantages offered by Lake Forest, Inc. do not fulfil this definition . . . the benefits are not municipal or *public in their nature.*" (Emphasis supplied.)

Quoting further from the above case relied upon by the Respondent, the court stated on page 819 as follows:

"The authorities cited by the taxpayer do not persuade us to the exemption. First, for example, is Garden Homes Co. v. Comm'r., 64 F.2d 593 (7 Cir. 1933). It presents a similar but distinguishable undertaking. There the project was conceived, initiated and controlled by the city and county governments of Milwaukee . . . . The need for such housing was first investigated and found to be 'a problem'; the legislation was passed 'to stimulate the erection of homes for wage earners'. 64 F.2d at 593."

While the reasoning of the court in denying the exemption in the above-entitled case was in reference to income tax liability and the matter before this court is a gross receipts tax in relation to a Condominium Act enacted by the Legislature of the Virgin Islands, it is interesting to note that its denial was based on the fact that "the benefits were not municipal or public in their nature."

In the Condominium Act of the Virgin Islands the Legislature declared otherwise; that is, the benefits of the condominiums were "in the public interest and enacted as a means of promoting the public welfare."

The Respondent argues that Petitioner's Association is in the business of performing services that its members would otherwise have to provide for themselves and mentioned the employees of the association (Stipulation of Facts, par. 8).

It must be conceded that under the Condominium Act the Legislature in its wisdom did not provide that each owner by himself or someone in his employ should maintain portions of the common areas and facilities. Such a

requirement would have been unworkable, fraught with confusion. As a consequence, it provided that the owners, collectively as an association, would provide for such services and, notwithstanding, it declared that "the provisions of this Act [this chapter] are enacted as a means of promoting the public welfare." This purpose is a question of fact.

In enacting the Condominium Act, the Legislature declared in 28 V.I.C. sec. 901, as follows:

### DECLARATION OF POLICY

"The Legislature hereby finds and declares that:

"(1) the Declaration of Housing Policy contained in the Housing Act of 1949 (P.L. 171–81st Cong.) as amended (see 42 U.S.C. sec. 1441), and its goals of a decent home and suitable living environment for every American Family expresses the sense of this Legislature and its concern with the public welfare and the economic health of our nation and of the Virgin Islands;

"(2) the social and economic well-being and stability of the Virgin Islands community would be vastly improved by a substantial increase in private home ownership as well as by increased availability of commercial space for professional and business ownership and usage;

"(3) there exists a severe scarcity of building space in the Virgin Islands available for dwelling, or for professional and commercial uses, and the establishment by law of a regime of property ownership based on the 'Condominium' principle is a feasible means of attacking such shortage;

"(4) the provisions of this Act (this chapter) are in the public interest and enacted as a means of promoting the public welfare."

By the above declaration it is clear that the Legislature considered that the enactment of *all* the provisions of the Condominium Act were *in the public interest*. Contrariwise, sec. 1.501(c)(3)–1(d)(1)(ii) of the Income Tax Regulations, relied upon by the Respondent, "provides that an organization is not organized or operated exclusively for one or more exempt purpose unless it serves a public

219

rather than a private interest." It was because of this divergence that the court disagreed above with both parties when they stipulated in paragraph 5, that the "purpose of the association is . . . *not to promote any public purpose or interest.*" (Emphasis supplied.)

In scanning the provisions of the Condominium Act of the Virgin Islands it is found that the only tax provided for therein is "Separate taxation" under sec. 921, which provides that "Each apartment and its percentage of undivided interest in the common areas and facilities shall be deemed to be a parcel and shall be subject to separate assessment and taxation under the provision of subtitle 2 of Title 33; Neither the building, the property nor any of the common areas and facilities shall be deemed to be a parcel."

Were it the intention of the Legislature that the assessment for which it provided against the apartment owners by the Association of Apartment Owners for the maintenance of the common areas and facilities should be considered as gross receipts and therefore taxable, it would have so provided in the Condominium Act.

While not directly on point, it is stated in the case of Susskind v. 1136 Tenants Corp., 251 N.Y.S.2d 321, that "The requirements for qualifying as a condominium are specifically provided for in the law and must be complied with strictly (Schlitt, The History of Condominiums, Condominiums Symposium Pamphlet, 1962)." As a corollary, the inference must be drawn that inasmuch as the Legislature in enacting the Condominium Act of the Virgin Islands declared that "the provisions . . . are in the public interest and enacted as a means of promoting the public welfare", and did not provide for the assessment and taxation of any other than that under the provision of subtitle 2 of Title 33, Property Taxes, the Respondent herein

must be guided thereby and does not have any authority to impose any other.

It is the finding of the court, therefore, that the activities of the Association provided for in the Condominium Act being in the public interest as declared by the Legislature, and the said Act not having provided for the payment of gross receipts taxes by the Association on the assessments received from its members as provided for in the Act, the Association is not doing business that would subject it to the payment of gross receipts taxes under 33 V.I.C. sec. 43(a).

On all of the foregoing, the court concludes that the Petitioner is entitled to a Stay of Execution as prayed for pursuant to 33 V.I.C. 45(b), and that it is not subject to the payment of gross receipts taxes under 33 V.I.C. sec. 43(a).

Let judgment enter accordingly in favor of Petitioner and against Respondent.